UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM EULIS ANDREWS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:10-CV-280 PS |
| ) | |
| SUPERINTENDENT, ) | |
| Indiana State Prison, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Petitioner William Andrews, a prisoner confined at the Indiana State Prison, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2002 Lake County convictions for four counts of murder, armed robbery, and battery for which he was sentenced to an aggregate sentence of 288 years imprisonment. The Respondent argues that this petition is barred by the statute of limitations. In his traverse, the Petitioner addresses the merits of his claim, and argues that he should be excused from the statute of limitations because failure to consider his claims on the merits would result in a fundamental miscarriage of justice (DE 10-1 at 23-27).

Andrews was found guilty on October 11, 2002, and was sentenced on November 14, 2002 (DE 9-1 at 11). His convictions were affirmed on appeal on October 22, 2003 (DE 9-2 at 3), and the Indiana Supreme Court denied transfer on January 8, 2004 (DE 9-2 at 2-3). Andrews filed a petition for post-conviction relief on July 14, 2004 (DE 9-1 at 9), which pended until he was granted leave to dismiss his petition on September 15, 2005 (DE 9-1 at 7). He refiled his petition for post-conviction relief on July 26, 2007 (DE 9-1 at 7). The Indiana Court of Appeals affirmed the denial of post-conviction relief on August 25, 2009

(DE 9-3 at 5), and the Indiana Supreme Court denied transfer on November 24, 2009 (DE 9-3 at 6). Andrews states that he placed his petition for writ of habeas corpus in the prison mailing system on June 6, 2010 (DE 1 at 11), and his petition was received by the clerk's office on July 12, 2010.

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year of the date on which (1) the judgment became final by the conclusion of direct review; (2) a state created unconstitutional impediment to appeal was removed; (3) the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to the states; or (4) the factual predicate for the claims could have been discovered through the exercise of due diligence. A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time has expired for a petition for writ of *certiorari*. *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987). The statute of limitations is tolled for that period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4,5 (2000).

The Petitioner's conviction became final on April 7, 2004, the date when the time to seek direct review from the judgment affirming his conviction expired, *See Griffith v. Kentucky*, 479 U.S. at 321 n. 6 (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired); *Powell v. Davis*, 415 F.3d

722, 726 (7th Cir. 2005). Accordingly, the statute of limitations established by 28 U.S.C. 2244(d) began to run on April 7, 2004.

Andrews filed a petition for post-conviction relief on July 14, 2004, by which time 98 days of the statute of limitations period had expired. The petition for post-conviction relief stayed the statute of limitations until Andrews withdrew it on September 15, 2005. Upon withdrawal of the petition, the statute of limitations commenced running again, and continued to run for 679 days until Andrews refiled his petition for post-conviction relief on July 26, 2007. *Terry v. Gaetz*, 339 Fed.Appx. 646, 649-650 (7th Cir. 2009). By that time, the one year statute of limitations period had already expired. Accordingly, this federal action is not timely under the statute unless one of the other factual predicates stated in § 2244(d)(1) apply.

This petition for federal habeas relief is also untimely under the balance of the provisions in § 2244(d)(1). The Petitioner's submissions do not suggest that he was unable to raise the claims set forth in his federal petition earlier because of an impediment created by the state, that his claims are founded on new law made retroactively applicable to cases on collateral review, or that his claims are based on facts that could not previously have been discovered with the exercise of due diligence. Accordingly, this petition for writ of habeas corpus is untimely under 28 U.S.C. § 2244(d)(1).

Andrews argues that he should be excused from the statute of limitations because the failure to consider his claims would result in a "fundamental miscarriage of justice" (DE 10-1 at 23-27), which he defines as "disregard for clearly established Supreme Court Precedent" (DE 10-1 at 26). The Supreme Court, however, has held that "the 'fundamental

3

miscarriage of justice standard' . . . is limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent." *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To show 'actual innocence,' [a petitioner] must present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him." *Dellinger v. Bowen*, 301 F.3d at 767.

The doctrine of fundamental miscarriage of justice has been used to allow a habeas petitioner to avoid a procedural default. *Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("we think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default"). But a fundamental miscarriage of justice argument does not excuse a habeas petitioner's failure to comply with the statute of limitations. *Araujo v. Chandler*, 435 F.3d 678, 680 (7th Cir. 2005), quoting *Ecscamilla v. Jundwirth*, 426 F.3d 868, 872 (7th Cir. 2005) ("Prisoners claiming to be innocent, like those contending that other events spoil the conviction, must meet the statutory requirement of timely action").

> "Actual innocence" permits a second petition under § 2244(b)(2)(B) - it clears away a claim that the prisoner defaulted in state court or by omission from the first federal petition - but does not extend the time to seek collateral relief. Section 2244(d) sets the timing rules for all petitions.
>
> * * *
>
> Actual innocence without a newly discovered claim does nothing at all. Although the statute leaves some (limited) room for equitable tolling, courts cannot alter the rules laid down in the text. Section 2244(d) has a rule for when new factual discoveries provide a fresh period for litigation; unless that standard is met, a contention that the new discoveries add up to actual innocence is unavailing.

4

*Ecscamilla v. Jundwirth*, 426 F.3d at 871-72 (citations omitted).

Because Andrews does not assert that he is actually innocent of the charges against him, he has not presented an actual miscarriage of justice argument. *Dellinger v. Bowen*, 301 F.3d at 767. But even if he had presented a colorable actual innocence claim, that would not excuse his failure to file a timely petition for writ of habeas corpus. *Ecscamilla v. Jundwirth*, 426 F.3d at 872; *Araujo v. Chandler*, 435 F.3d at 680. For the reasons stated in this memorandum, the Court concludes that this petition is barred by the statute of limitations and must be dismissed.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must consider whether to grant Andrews a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

Andrews has not established that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage him to proceed further. Accordingly, the Court declines to issue Andrews a certificate of appealability.

For the foregoing reasons, the court **DISMISSES** this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1), **DENIES** the Petitioner a certificate of appealability, and **DIRECTS** the Clerk to close this case.

SO ORDERED.

ENTERED: June 20, 2011

                                                   **/s/ Philip P. Simon**
                                                   Philip P. Simon, Judge
                                                   United States District Court